UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CARLOS DAVIS | CIVIL ACTION NO. 23-cv-864 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| HEMMERSBACH US LLC | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Carlos Davis ("Plaintiff"), who is self-represented, filed this employment discrimination action against Hemmersbach U.S. LLC ("Defendant"). Plaintiff alleges that Defendant wrongfully terminated his employment in retaliation for his refusal to allow Defendant to use his private space as storage for one of its clients. Before the court is Defendant's Motion to Dismiss (Doc. 38) on the grounds that the complaint fails to state a claim on which relief may be granted. For the reasons that follow, it is recommended that the motion be granted.

**Rule 12(b)(6) Review**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss on the grounds that a complaint fails to state a claim on which relief may be granted. To avoid dismissal, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro

se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Plaintiff's Complaint**

Plaintiff's original complaint was filed on a form that the court provides for use in employment discrimination cases. The form asked Plaintiff to describe in his own words the employment practices about which he complained. Plaintiff wrote:

> I was wrongfully terminated due to retalliation (sic) because I would not allow them to sue my private space as a storage for one of their clients. After attempting (2) times, with the second time consisting of a bribery, I was released from my job.

Plaintiff attached some exhibits, but none of them added any facts or context. An attached "letter of intent to sue" included a settlement demand and stated that, if a certain sum was not paid, Plaintiff would file a suit pertaining to (1) wrongful termination (retaliation), (2) bribery (quid pro quo), and (3) emotional distress damages.

Plaintiff later submitted what was docketed as an amended complaint (Doc. 8) that repeated the original allegations and mentioned in a different letter of intent to sue that the claims in a lawsuit would also pertain to (1) race discrimination, (2) hostile work environment – intimidating behavior, and (3) disparate impact – treated different. A third amended complaint (Doc. 14) repeated the original complaint's allegations and added that the complaint was being filed "in regards to the following," and then listed the categories of claims mentioned in the letters of intent to sue. A final amended complaint (Doc. 29)

again repeated the wrongful termination allegations and set forth the same list of wrongful termination, bribery, etc.

**Analysis**

Plaintiff amended his complaint multiple times. It is his final amended complaint that governs for current purposes. That is because "an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). The Fifth Circuit has applied the rule to pro se complaints. McDonald v. McClelland, 779 Fed. Appx. 222, 225 (5th Cir. 2019). This does not matter much in this case because the several complaints are all similar.

Plaintiff's original and amended complaints were filed on a form designated for use in Title VII cases. The body of the original and amended complaints refer primarily to a claim of wrongful termination due to retaliation. A litigant who asserts a Title VII retaliation claim arising from allegations of discrimination in the workplace must establish (1) that he engaged in activity protected by Title VII; (2) that the employer took adverse action against him; and (3) that a causal connection exists between the protected activity and the adverse action. Welsh v. Fort Bend ISD, 941 F.3d 818, 826 (5th Cir. 2019). The Fifth Circuit has defined protected activity as "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." Ackel v. National Communications, Inc., 339 F.3d 376, 385 (5th Cir. 2003).

Plaintiff does not allege that any retaliation against him is because he engaged in activity protected under Title VII or other federal employment law that might provide a basis for a retaliation claim. Rather, he alleges that he was fired because he would not allow his employer to use his "private space as a storage for one of their clients." That allegation and the contention that the employer made a second effort to use the space that amounted to "a bribery" do not describe protected activity that could support a plausible claim of retaliation under Title VII or other employment law. Not every form of perceived retaliation is actionable, and Plaintiff has not alleged facts that indicate the plausibility that he was subjected to a form of retaliation that gives rise to a recognized claim.

Plaintiff makes a generic assertion of wrongful termination. There is no such claim under federal law, and under Louisiana's employment-at-will doctrine an employer is generally at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge. That right is tempered by federal and state laws such as Title VII, but when they are not applicable, there is no general claim for wrongful termination. Hayes v. Univ. Health Shreveport, LLC, 332 So. 3d 1163, 1169 (La. 2022); Quebedeaux v. Dow Chem. Co., 820 So. 2d 542, 545-46 (La. 2002). The Fifth Circuit has explained that under Louisiana law: "Both employers and employees are free to end the employment relationship at any time, and for any reason, without liability, provided that the termination violates no statutory or constitutional provision and, obviously, that there is no contract of employment for a definite term." Johnson v. Delchamps, Inc., 897 F.2d 808, 810 (5th Cir. 1990).

Employment is presumed to be at-will unless a plaintiff alleges sufficient facts to establish the existence of an employment agreement or contract, the violation of which may support a claim for wrongful termination. Henderson v. J.P. Morgan Chase Bank, NA, 2021 WL 6134694 (W.D. La. 2021); Medwick v. MADCON Corp., 348 So. 3d 106, 113 (La. App. 1st Cir. 2022), writ denied, 349 So. 3d 991 (La. 2022). Plaintiff has not alleged facts to suggest the existence of such an agreement, so his employment is presumed to be at-will, which defeats any claim for wrongful termination.

Plaintiff's complaint lists terms such as bribery, race discrimination, disparate impact, and hostile work environment. It does not, however, allege any facts that might provide a plausible basis for such claims. To survive a motion to dismiss, a complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. Plaintiff has not even listed the elements of any of the listed causes of action. He merely lists the names of possible claims with zero factual support.

Plaintiff's memorandum in opposition to the motion to dismiss also lacks any supporting facts. It merely sets forth the rules governing motions to dismiss without offering any particular argument about how those rules should apply to his allegations to support a plausible claim. All of the various claims listed in the complaint should, therefore, be dismissed for failure to state a claim on which relief may be granted. Chhim v. Aldin ISD, 583 Fed. Appx. 303 (5th Cir. 2014) (affirming Rule 12(b)(6) dismissal of pro se claims for disparate treatment and hostile work environment when no facts were alleged in complaint or amended complaint to support the claims).

Accordingly,

It is recommended that Defendant's Motion to Dismiss (Doc. 38) be granted and that all claims be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of October, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge